IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01000-RM-NRN

TRENTON HARRISON ORENDORF,

    Plaintiff,

v.

OFFICE OF BEHAVIORAL HEALTH,
COLORADO MENTAL HEALTH INSTITUTE—PUEBLO,
FORENSIC COMMUNITY-BASED SERVICES PROGRAMS,
ARAPAHOE/DOUGLAS MENTAL HEALTH NETWORK n/k/a AllHealth Network,
JAMES PURVIANCE, in his individual and official capacities,
WILLIAM MARTINEZ, in his individual and official capacities,
TED SMITH, in his individual and official capacities, and
JOHN OR JANE DOE NURSES, in their individual and official capacities,

    Defendants.

---

## ORDER

---

Before the Court is the Recommendation of United States Magistrate N. Reid Neureiter (ECF No. 33) to grant the Motion to Dismiss (ECF No. 27) by Defendants Office of Behavioral Health ("OBH"), Colorado Mental Health Institute at Pueblo ("CMHIP"), Forensic Community Based Services ("FCBS"), Martinez, and Smith. For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

After Plaintiff was found not guilty by reason of insanity in January 2012, he was admitted as an inpatient at CMHIP. In November 2015, he was granted conditional release. In April 2019, Defendant Martinez filed a motion for revocation of his conditional release. Plaintiff

turned himself in and was subject to confinement at CMHIP for fifty-one days.  He then brought this action asserting claims under 42 U.S.C. § 1983 and state law.  Defendants, with the exceptions of Defendants Arapahoe/Douglas Mental Health Network and Purviance, filed a Motion to Dismiss (ECF No. 27), which was referred to the magistrate judge for a recommendation.

The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation.  That deadline passed without a response from any party.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

As explained in the Recommendation, the claims against OBH and CMHIP are barred by the Eleventh Amendment because they are arms of the state.  The magistrate judge concluded that the same rationale supported dismissal of the claims against FCBS, a program within OBH, and the claims against Defendants Smith and Martinez in their official capacities.  The magistrate further determined that Plaintiff's allegations were too conclusory to state a § 1983 claim against Defendants Smith and Martinez in their individual capacities and that his state tort claims were subject to dismissal for failure to provide notice under the Colorado Governmental Immunity Act ("CGIA").  Finally, with respect to Plaintiff's claim for violation of the Colorado Organized Crime Control Act, the magistrate judge determined that if the claim was not also barred by the CGIA, Plaintiff lacked standing to assert such a claim under the circumstances.

The Court discerns no error on the face of the record and agrees with the magistrate judge's determination that the claims against OBH, CMHIP, and FCBS should be dismissed without prejudice, as well as the § 1983 claims against Defendants Smith and Martinez, while the state law claims against them should be dismissed with prejudice. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 53) and GRANTS the Motion to Dismiss (ECF No. 27).

DATED this 5th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge